Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile   (702) 938-1055

Lawrence A. Fuller, Esq., *pro hac vice pending*
lfuller@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile   (305) 893-9505

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN MEGGS, Individually,

      Plaintiff,

vs.

STRATOSPHERE GAMING LLC, a Nevada
Limited Liability Company,

      Defendant.

Case No.   2:19-cv-1415

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## **AND RELATED STATE LAW CLAIMS**

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, STRATOSPHERE GAMING LLC, a Nevada Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the Nevada Revised Statutes 651.070 *et. seq.* ("Nevada ADA" or "NADA"), and allege the following:

1

2

3

## COUNT I

## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

4

5

     1.    Plaintiff, JOHN MEGGS, is an individual residing in Torrance, CA, in the County of Los Angeles.

6

7

8

     2.    Defendant's properties, Stratosphere Casino, Hotel and Tower, and William Hill Sports Betting Services, are located at 2000 South Las Vegas Boulevard, Las Vegas, NV, in the County of Clark.

9

10

11

     3.    Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs.   The Defendant's properties are located in and do business within this judicial district.

12

13

14

15

16

     4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  *See, also,* 28 U.S.C. § 2201 and § 2202.   Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

17

18

19

20

21

22

23

24

25

26

27

28

     5.    Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.   Mr. Meggs relies on a wheelchair for mobility.   Mr. Meggs regularly visits Las Vegas to visit his two daughters, who reside in Las Vegas, his many friends in the area, and to enjoy the entertainment and to gamble. JOHN MEGGS has visited the Stratosphere Casino, Hotel and Tower, and the William Hill Sports Betting Services located within the subject hotel, which form the basis of this lawsuit, on May 21, 2019, and plans to return to the subject Stratosphere Casino, Hotel and Tower, and William Hill Sports Betting Services, on February 17 through February 18, 2020, to enjoy a post-Valentine's day celebration with his girlfriend, and to avail himself of the goods and services offered to the public at the property, if the property is accessible for his use.   Plaintiff, John Meggs has encountered architectural barriers at the subject properties.   The barriers to access at the

1   properties have endangered his safety.

2       6.      Defendant owns, leases, leases to, or operates the properties described above,

3   which are places of public accommodation as defined by the ADA and the regulations

4   implementing the ADA, _see_, 28 C.F.R. 36.201(a) and 36.104.   Defendant is responsible for

5   complying with the obligations of the ADA.

6       7.      JOHN MEGGS has a realistic, credible, existing and continuing threat of

7   discrimination from the Defendant's non-compliance with the ADA with respect to the properties

8   as described but not necessarily limited to the allegations in paragraph 9 of this complaint.

9   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

10  in violation of the ADA by the Defendant.   JOHN MEGGS desires to visit the subject

11  Stratosphere Casino, Hotel and Tower, and William Hill Sports Betting Services located at the

12  hotel, not only to avail himself of the goods and services available at the properties but to assure

13  himself that the properties is in compliance with the ADA so that he and others similarly-situated

14  individuals will have full and equal enjoyment of the properties without fear of discrimination.

15      8.      The Defendant has discriminated against the individual Plaintiff by denying him

16  access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

17  and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 _et seq_.

18      9.      The Defendant has discriminated, and is continuing to discriminate, against the

19  Plaintiff in violation of the ADA by failing to, inter-alia, have accessible facilities by January 26,

20  1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

21  or less).   A preliminary inspection of the subject Stratosphere Casino, Hotel and Tower, and

22  William Hill Sports Betting Services, has shown that violations exist.   These violations that

23  JOHN MEGGS personally encountered or observed at the properties include, but are not limited

24  to:

25              **Parking and Exterior Accessible Route**

26          a.      Accessible parking spaces are not located on compliant accessible routes to

27      enter the building, preventing Mr. Meggs' from unloading from his vehicle and accessing

28

the hotel, violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, which repair is readily achievable to correct.   This condition prevented Mr. Meggs from safely unloading from his vehicle and accessing the casino and hotel.

b.        Stratosphere Casino Hotel has parking for over 2000 cars without compliant signage for accessible spaces. Several parking spaces lack clear level aisles with slopes or abrupt changes of level in some spaces, violating Section 502 of the 2010 ADA Standards. These conditions prevent Mr. Meggs from exiting his vehicle and forced him to park in more distant areas and using 2 spaces to be able to unload on several occasions.

c.        Stratosphere Casino Hotel lacks a compliant accessible route to the adjacent street, sidewalk and public transit preventing Mr. Meggs from accessing the property from these areas and violating Section 206.2.1 of the 2010 ADAAS.

**Entrance Access and Path of Travel**

d.        Ramps leading to and throughout hotel and recreation areas have excessive slopes and/or lack required handrails endangering Mr. Meggs and violating 2010 ADAS Section 405. Cross slopes, changes of level and paths under 36" impede Mr. Meggs' travel to and through hotel areas, as well as from the street, sidewalk and public transit violating ADAS Sections 303, 304 and 403.

**Access to Goods and Services**

e.        The casino and hotel fail to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

f.      The Stratosphere fails to provide compliant accessible routes to the pool, recreational areas and other spaces, preventing plaintiff's use of those facilitates, thereby violating many ADA accessibility requirements.

g.      Mr. Meggs could not access the hotel, casino and food counters or tables which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

h.      Mr. Meggs could not use the bar, slot machines or adjacent table surfaces which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

i.      Pool and spa access is not compliant at the Stratosphere. House phones, Ice and Vending Machines throughout the hotel are inaccessible.

**<u>Access to William Hill Sports Betting Services</u>**

j.      William Hill Sports Betting Services fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

k.      The wagering area fails to provide accessible routes to the cashier area and self-service kiosks preventing plaintiff's use and violating ADA accessibility requirements.

l.      Mr. Meggs could not access the William Hill cashier counter, viewing area tables, betting kiosks, information sheets and writing surfaces which are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

**Access to Recreation Area Restrooms**

m.      Mr. Meggs could not use the accessible stall in the Elation Pool main men's restroom whose doors are not self-closing, lack required door hardware and maneuvering space violating 2010 ADAS Sections 404 and 604, repair is readily achievable.

n.      The coat hook, toilet paper and towel dispensers are beyond reach and the water closet is not on the wall side of the stall in violation of Section 604 of the 2010 ADAS, preventing their use by the Plaintiff.

o.      Mr. Meggs could not exit the main restroom without assistance due to a lack of maneuvering space violating Section 404 of the 2010 ADAS

p.      Mr. Meggs could not use the designated accessible men's restroom without assistance as the door lacks required maneuvering space violating 2010 ADAS Sections 404, repair is readily achievable. Toilet paper and seat cover dispensers are beyond reach and the lavatory lacks required knee and toe space violating Section 606 of the 2010 ADAS.

**Access to Guestroom Areas**

q.      Mr. Meggs was initially given a room with no roll-in shower, which he could not safely exit without assistance.  Furthermore, maneuvering space in this room was obstructed at the tub by furniture and the water controls are in violation of the 2010 ADAS.

r.      Plaintiff could not use the first accessible guestroom water closet with its seat less than 17" AFF and a obstructed rear grab bar. There is an improperly located toilet paper dispenser and an inaccessible tissue dispenser, violating ADAAG Section 4.16 and Section 604 of the 2010 ADAS, which repairs are readily remedied.

s.    In addition, in the first offered room, Plaintiff could not use the thermostat and door locks that are mounted outside the ranges prescribed in ADAS Section 308, whose resolution is readily achievable. The light and window shade controls are also not compliant with ADA Standards.

t.    Plaintiff could not use the second room provided as the roll-in shower is improperly designed and there is no seat violating ADAS Sections 608 and 610.

u.    Plaintiff could not access the thermostat, window curtains or both sides of the bed and was impeded by a 29" pinch point and 33" clear width for over 2' provided in the second guest room which violate the ADAAG and the 2010 ADAS.

v.    Plaintiff could not use the table or desk in either room with inadequate knee clearance and approach space in violation of Section 4.32 of the ADAAG and ADAS Section 306.

w.    Mr. Meggs could not use the lavatory which is improperly mounted without required pipe insulation violating ADAAG Section 4.19 and Section 606 of the 2010 ADAS, repair is readily achievable.

x.    The hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various class of accommodations.

**Maintenance**

y.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

10.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as

promulgated by the U.S. Department of Justice.

11.     The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.*   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

14.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Stratosphere Casino, Hotel and Tower, and William Hill Sports Betting Services, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the

Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

> B.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

> C.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## <u>COUNT II</u>

### <u>VIOLATION OF THE NEVADA LAW</u> <u>AGAINST DISCRIMINATION - Nevada ADA</u>
**(violation of Nevada Revised Statutes 651.070 *et seq.*)**

17.     The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18.     The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19.     Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, *et seq.*

20.     Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal

1    enjoyment of the facilities and accommodations of any place of public accommodation, including
2    the premises, goods and services of the Defendant, without discrimination or segregation based on
3    his disability.

4         21.    Defendant's actions were in violation of a legal duty owed to the individual
5    Plaintiff.

6         22.    Defendant is and was required to comply with the dictates of the Federal and state
7    laws which forbid discriminatory policies, practices and facilities, including but not limited to
8    architectural barriers.

9         23.    The individual Plaintiff suffered injury to his dignity, mental anguish and
10   humiliation, and other injuries, which were proximately caused by the Defendant's acts and
11   failures to act.

12        **WHEREFORE**, Plaintiff respectfully requests:

13        A.    The Court issue a Declaratory Judgment that determines that the Defendant,
14   at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes
15   651.070, *et seq.*

16        B.    Injunctive relief against the Defendant including an order to make all
17   readily achievable alterations to the facility; or to make such facility readily accessible to
18   and usable by individuals with disabilities to the extent required by the ADA; and to
19   require the Defendant to make reasonable modifications in policies, practices or
20   procedures, when such modifications are necessary to afford all offered goods, services,
21   facilities, privileges, advantages or accommodations to individuals with disabilities; and by
22   failing to take such steps that may be necessary to ensure that no individual with a
23   disability is excluded, denied services, segregated or otherwise treated differently than
24   other individuals because of the absence of auxiliary aids and services.

25        C.    Award compensatory damages to Plaintiff JOHN MEGGS.

26        D.    An award of attorneys' fees, costs and litigation expenses.

27        E.    The Court award such other and further relief as it deems necessary.

28

1

Date: 08/12/2019

2

Respectfully submitted,

3

Robert P. Spretnak, Esq.(NV Bar No. 5135)

4

Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK

5

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123-2545

6

Telephone (702) 454-4900
Facsimile   (702) 938-1055

7

8

Lawrence A. Fuller, Esq., *pro hac vice pending*
lfuller@fullerfuller.com

9

FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502

10

North Miami, Florida 33181
Telephone (305) 891-5199

11

Facsimile   (305) 893-9505
*Attorneys for Plaintiff John Meggs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28